UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KYROS LAW GROUP LLC

       Plaintiff,

  vs.

MICHAEL PATRICK FEENEY
and FEENEY LAW FIRM

       Defendants.

C.A. No. 1:21-cv-10895

## DEFENDANTS MICHAEL PATRICK FEENEY AND FEENEY LAW FIRM'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Jeffrey L. Alitz, BBO #553741
jalitz@fmglaw.com
Marc E. Finkel, BBO #659681
mfinkel@fmglaw.com
Matthew L. Schwartz, BBO #699918
Matthew.schwartz@fmglaw.com
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, MA 02109
Tel:  617.963.5975
Fax:  770.937.9960

**Attorneys for Michael Patrick Feeney and Feeney Law Firm**

Dated: June 21, 2021

**Table of Contents**

I.   INTRODUCTION ............................................................................................. 1

II.  FACTUAL BACKGROUND ........................................................................... 1

III. FED. R. CIV. P. 12(b)(6) STANDARD ......................................................... 4

IV.  ARGUMENT ................................................................................................... 5

   A.  Count I - Receipt and Wrongful Use of Stolen Goods ................................. 5

      1.  Count I of Plaintiff's Complaint is Barred by the Statute of Limitations .................... 5

      2.  Count I of Plaintiff's Complaint Fails as a Matter of Law ........................................ 6

   B.  Count II - Interference with Prospective or Advantageous Business Relationships ........ 7

      1.  Count II of Plaintiff's Complaint is Barred by the Statute of Limitations. ................ 7

      2.  Count II of Plaintiff's Complaint Fails as a Matter of Law. ........................................ 8

   C.  Count III - Violations of the Computer Fraud and Abuse Act, 18 U.S.C. 1030 et seq.... 8

      1.  Count III of Plaintiff's Complaint is Barred by the Statute of Limitations. ................ 8

      2.  Count III of Plaintiff's Complaint Fails as a Matter of Law........................................ 9

   D.  Count IV - Chapter 93: 42 and 42A Misappropriation of Trade Secrets ....................... 11

      1.  Any Alleged Misappropriation Occurred Before the Statute's Effective Date. ......... 11

      2.  Count IV of Plaintiff's Complaint is Barred by the Statute of Limitations............... 12

      3.  Count IV of Plaintiff's Complaint Fails as a Matter of Law. ..................................... 12

   E.  Count V - Unjust Enrichment......................................................................... 13

      1.  Count V of Plaintiff's Complaint is Barred by the Statute of Limitations. ............... 13

2.      Count V of Plaintiff's Complaint Fails as a Matter of Law. ...................................... 14

F.      Count VI - 93A – Fraudulent Deceptive Trade Practices ................................................ 15

1.      Count VI of Plaintiff's Complaint is Barred by the Statute of Limitations............... 15

2.      Count VI of Plaintiff's Complaint Fails as a Matter of Law. .................................... 16

G.      Count VII - Breach of Fiduciary Duty ........................................................................... 16

1.      Count VII of Plaintiff's Complaint is Barred by the Statute of Limitations. ............ 16

2.      Count VII of Plaintiff's Complaint Fails as a Matter of Law.................................... 17

H.      Count VIII - Civil Conspiracy ....................................................................................... 17

1.      Count VIII of Plaintiff's Complaint is Barred by the Statute of Limitations. ............ 17

2.      Count VIII of Plaintiff's Complaint Fails as a Matter of Law.................................... 18

I.      Count IX - Defend Trade Secrets Act 18 U.S.C. §1836................................................. 19

1.      Count IX of Plaintiff's Complaint is Barred by the Statute of Limitations............... 19

2.      The DTSA Does Not Apply to Alleged Conduct Prior to its Enactment. ................. 19

3.      Count IX of Plaintiff's Complaint Fails as a Matter of Law. .................................... 20

CONCLUSION............................................................................................................................ 20

## Cases

*AA&D Masonry, LLC v. South St. Business Park, LLC*,

   93 Mass. App. Ct. 693 (2018) ........................................................................... 5

*Acacia Communications, Inc. v. ViaSat, Inc.*,

   2018 Mass. Super. LEXIS 254 ................................................................... 11, 19

*Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*,

   267 F.3d 30 (1st Cir. 2001) ............................................................................... 3

*Ashcroft v. Iqbal*,

   556 U.S. 662, 129 S. Ct. 1937 (2009) ............................................................. 4

*Bell Atl. Corp. v. Twombly*,

   550 U.S. 544 (2007) .......................................................................................... 4

*Bowen v. Eli Lilly*,

   408 Mass. 204 (1990) ....................................................................................... 5

*Clark v. Boscher*,

   514 F.3d 107 (1st Cir. 2008) ............................................................................. 5

*Commonwealth* v. *Tradition (N. Am.) Inc.*,

   91 Mass. App. Ct. 63 (2017) ............................................................................ 6

*Demoulas* v. *Demoulas Super Mkts., Inc.*,

   424 Mass. 501 (1997) ....................................................................................... 5

*Desmond v. Moffie*,

   375 F.2d 742 (1st Cir. 1967) ........................................................................... 13

*Doe v. Harbor Sch., Inc.*,

   446 Mass. 245 (2006) ..................................................................................... 17

*Epstein v. C.R. Bard, Inc.*,

    No. 03-12297-RWZ, 2004 U.S. Dist. LEXIS 13384 (D. Mass. July 19, 2004) ...................... 13

*Fleming v. Dane*,

    304 Mass. 46 (1939) ..................................................................................... 18

*Focused Impressions, Inc. v. Sourcing Group, LLC*,

    Civil Action No. 19-cv-11307-ADB, 2020 U.S. Dist. LEXIS 67328 (D. Mass. Apr. 16, 2020)

    .................................................................................................................. 20

*Giragosian v. Ryan*, 547 F.3d 59 (1st Cir. 2008)........................................................ 3

*Global Inv'rs Agent Corp. v. Nat'l Fire Ins. Co.*,

    76 Mass. App. Ct. 812 (2010).......................................................................... 14

*Grant v. John Hancock Mutual Life Insurance Co.*,

    183 F. Supp. 2nd 344 (D. Mass. 2002)............................................................. 18

*Hanover Ins. Co. v. Sutton*,

    46 Mass. App. Ct. 153 (1999).......................................................................... 17

*Incase Inc. v. Timex Corp.*,

    488 F.3d 46 (1st Cir. 2007).............................................................................. 13

*Jurgens v. Abraham*,

    616 F. Supp. 1381 (D. Mass. 1985) ............................................................. 18, 19

*Kurker v. Hill*,

    44 Mass. App. Ct. 184 (1998).......................................................................... 18

*Media3 Techs., LLC v. Mail Abuse Prevention Sys.*, LLC,

    00-CV-12524-MEL, 2001 U.S. Dist. LEXIS 1310 (D. Mass. Jan. 2, 2001) .............................. 8

*Metro. Life Ins. Co. v. Cotter*,

    464 Mass. 623 (2013) ................................................................................... 14

*Micromuse, Inc. v. Micromuse, Plc.*,

    304 F. Supp. 2d 202 (D. Mass. 2004) ............................................... 9, 12, 16

*Murphy v. Aero-Med, Ltd.*,

    345 F. Supp. 2d 40 (D. Mass. 2004) ............................................................ 5

*Pagliuca* v. *Boston*,

    35 Mass. App. Ct. 820 (1994) ............................................................... 6, 17

*Qestec, Inc. v. Krummenacker*,

    367 F. Supp. 2d 89 (D. Mass. 2005) .......................................................... 17

*Rogan v. Menino*, 175 F.3d 75 (1ˢᵗ Cir. 1999) ................................................ 4

*Rousseau v. Diemer*,

    24 F.Supp. 2d 137 (D. Mass 1998) ............................................................. 7

*Ruiz Rivera v. Pfizer Pharm.*, LLC,

    521 F.3d 76 (1ˢᵗ Cir. 2008) ......................................................................... 5

*Ruiz v. Bally Total Fitness Corp.*,

    496 F.3d 1 (1ˢᵗ Cir. 2007) ........................................................................... 4

*SiOnyx, LLC v. Hamamatsu Photonics K.K.*,

    332 F. Supp. 3d 446 (D. Mass. 2018) ....................................................... 14

*Source Prod. & Equip. Co. v. Schehr*,

    No. 16-17528, 2017 U.S. Dist. LEXIS 138407 (E.D. La. Aug. 29, 2017) .............................. 19

*Van Brode Grp., Inc. v. Bowditch & Dewey*,

    36 Mass. App. Ct. 509 (1994) ................................................................... 17

*Yong Li v. Huffman,*

    No. 11-11557-NMG, 2012 U.S. Dist. LEXIS 91695 (D. Mass. May 18, 2012) ........................ 3

**<u>Statutes</u>**

15 U.S.C. 1681 ........................................................................................................................... 10

18 U.S.C. § 1030(a)(1) ......................................................................................................... 9, 10

18 U.S.C. § 1030(a)(2) ............................................................................................................. 10

18 U.S.C. § 1030(a)(3) ............................................................................................................. 10

18 U.S.C. § 1030(a)(4) ............................................................................................................. 10

18 U.S.C. § 1030(a)(5) ............................................................................................................. 11

18 U.S.C. § 1030(a)(6) ............................................................................................................. 11

18 U.S.C. § 1030(a)(7) ............................................................................................................. 11

18 U.S.C. § 1030(g) .................................................................................................................... 8

18 U.S.C. §§ 1030(a)(4) ........................................................................................................... 10

18 U.S.C. §§ 1030(a)(5) ........................................................................................................... 11

18 U.S.C. §1836 (b)(1) ............................................................................................................. 20

18 U.S.C. §1836(d) ................................................................................................................... 19

M.G. L. c. 260, § 5A ................................................................................................................ 15

M.G.L. c 93A, § 11 .................................................................................................................. 16

M.G.L. c. 260 ........................................................................................................................... 13

M.G.L. c. 260 §2A ..................................................................................................................... 5

M.G.L. c. 93 §42 .................................................................................................................. 11, 12

M.G.L. c. 93 §42E .................................................................................................................... 12

M.G.L. c. 93A ........................................................................................................................... 15

## **Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 4

Fed. R. Civ. P. 8(a)(2) ..................................................................................................... 4

## I.      <u>INTRODUCTION</u>

Defendants Michael Patrick Feeney ("Michael Feeney") and Feeney Law Firm (collectively, "Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint filed by Plaintiff Kyros Law Group LLC ("Plaintiff"). The nine (9) counts asserted by Plaintiff are barred by the applicable statute of limitations and are devoid of facts that plausibly suggest an entitlement to the relief requested. As such, Defendants' Motion to Dismiss should be <u>allowed</u>, and Plaintiff's Complaint should be dismissed in its entirety.

## II.     <u>FACTUAL BACKGROUND</u>

This case arises out of the ancillary break-up of a professional business relationship between Plaintiff and Sweet Feeney Marketing Group LLC (hereinafter "Sweet Feeney") as well as Sweet Feeney's principal Christina Feeney. (*See, e.g.,* Comp., ¶¶ 1-90f). Michael Feeney, a one-time employee of Sweet Feeney, is the husband of Christina Feeney and is the sole owner of Feeney Law Firm. The business breakup between Plaintiff and Sweet Feeney is the subject of a pending lawsuit in the Norfolk County Superior Court captioned as *Konstantine Kyros and Kyros Law Group LLC v. Christina Feeney and Sweet Feeney Marketing Group LLC*, 1682-CV-00100 (hereinafter the "State Court Litigation") (Comp., ¶ 70).

On or about June 9, 2010, Plaintiff entered into a Memorandum of Understanding ("M.O.U.") with Sweet Feeney, known at the time as Sweet Marketing Group, whereby Plaintiff and Sweet Feeney agreed to the following:

> [Sweet Feeney] will be responsible for managing online and television marketing campaigns designed and executed by [Sweet Feeney] to generate new business, specifically asbestos and mesothelioma cases. [Sweet Feeney] will develop cost effective marketing solutions by employing database management tools, media cost monitoring, tracking technologies, PPC strategies, targeted web sites, social networking and all available online, television and media sources to get new clients for Kyros. [Sweet Feeney] will also manage data from these contacts, create a database of the law firm clients and provide consulting on technology related

1

matters. Specifically [Sweet Feeney] will be responsible for database management, media center set up, online lead generation, web analytics, inventory management, technology that aids in lead distribution, quality assurance and competitive intelligence/news monitoring.

(Comp., Ex. B, ¶ 1).

Subsequently, on or about January 1, 2011, Plaintiff and Sweet Feeney entered into a Marketing Agreement[1] (hereinafter the "Agreement") (Comp., Ex. A). Pursuant to the Agreement, Sweet Feeney was required to provide certain services to Plaintiff as described in the Statement of Work, which was attached to the Agreement (hereinafter "Statement of Work"). Specifically, Sweet Feeney provided Plaintiff with the following services: lead generation, operations, analytics, inventory, inquiry screening and lead distribution, competitive intelligence and news monitoring. (Comp., Ex. C, ¶¶ I(A)-(G)). Additionally, Sweet Feeney provided Plaintiff with deliverables comprising of (i) building inquiry conversion focused websites around mesothelioma and asbestos; (ii) designing content to be lead generation focused; (iii) using salesforce.com as a database; and (iv) outsourcing call center services to handle inbound and outbound calls. (Comp., Ex. C, ¶¶ II(A)-(D)).

As to the intellectual property created by Sweet Feeney pursuant to the M.O.U., the Agreement specifically stated that Sweet Feeney:

[H]as the right to re-use any of its know-how, ideas, concepts, methods, processes, or similar information" [and Sweet Feeney] "retains ownership of any and all of its intellectual property rights that existed prior to [January 1, 2011] including, but not limited to, all methods, concepts, designs, reports, programs, and templates; provided, however, that [Sweet Feeney] hereby licenses such intellectual property to Plaintiff on a worldwide, assignable, royalty-free and irrevocable basis during the term of this Agreement plus the twelve (12) month period following its termination or expiration.

(Comp. Ex. A, ¶ 8(d)).

---

[1] Pursuant to the Agreement, on a monthly basis Sweet Feeney was to "provide [Plaintiff] with a digital file containing a then-current compilation of the lead database exported in a standard available format that [Plaintiff] can upload to its own licensed copy of Salesforce.com." (Comp., Ex. A, ¶ 8(b)).

Additionally, the Agreement expressly declared Sweet Feeney as an independent contractor with no "partnership, principal-agent relationship, employer-employee relationship or joint venture" relationship created. (*Id*, ¶ 16). Despite this clear contractual language, Plaintiff alleges in this Complaint that Christina Feeney and Michael Feeney were Plaintiff's employees. (Comp., ¶ 59).

On or about January 27, 2016, Plaintiff and Konstantine Kyros (hereinafter, collectively "2016 Plaintiffs") filed the State Court Litigation against Sweet Feeney and Christina Feeney. A certified copy of the Complaint dated January 27, 2016 (hereinafter, "2016 Complaint") is attached hereto as **Exhibit "1[2]"**.

On or about January 27, 2016, the 2016 Plaintiffs filed a Motion for a Preliminary Injunction seeking, among other things, to restrain Sweet Feeney and Christina Feeney from taking certain actions with respect to the database created by Sweet Feeney under the M.O.U. A certified copy of the Court's Decision on Plaintiff's Motion for Preliminary Injunction is attached hereto as **Exhibit "2"**.

On February 18, 2016, Judge Beverley J. Cannone of the Norfolk County Superior Court denied the 2016 Plaintiffs' Motion for Preliminary Injunction, stating in part that "Mr. Kyros was told that although his law firm would own all the marketing materials and data within the database, the database itself would remain the property of Sweet Marketing Group" and that "The Agreement also gives [Sweet Feeney] the 'right to re-use any of its know-how, ideas, concepts, methods, processes or similar information." (Ex. 2, at 1-2).

---

[2] The Court may properly consider official public records, such as state court pleadings, without converting a motion to dismiss into a motion for summary judgment. *Yong Li v. Huffman*, No. 11-11557-NMG, 2012 U.S. Dist. LEXIS 91695, at *9 n.7 (D. Mass. May 18, 2012); *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001); *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008).

Thereafter, on June 27, 2016, the 2016 Plaintiffs filed an Amended Complaint (hereinafter "2016 Amended Complaint") alleging ten (10) claims against Sweet Feeney and Christina Feeney. (*See* Ex. 3, ¶¶ 105-186). A certified copy of the 2016 Amended Complaint is attached hereto as **Exhibit "3"**.

Five years later, on or about March 29, 2021, Plaintiff filed this Complaint against Michael Feeney and Feeney Law Firm also in the Norfolk County Superior Court alleging nine (9) causes of action. (*See* Comp. ¶¶ 91-154).

On or about May 28, 2021, Defendants removed this Complaint to this Court based on federal question grounds. Defendants now move to dismiss the entirety of this Complaint.

## III.   <u>FED. R. CIV. P. 12(b)(6) STANDARD</u>

In a motion to dismiss brought pursuant to Fed. Civ. P. 12(b)(6), the Court "must assume the truth of all well-plead facts and give Plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the pleading standard set forth in Rule 8 does not require a plaintiff to provide "detailed factual allegations," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007). A complaint will not suffice if it offers "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer*

*Pharm.*, LLC, 521 F.3d 76, 84 (1st Cir. 2008) (citing *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008)) (internal quotations and original alterations omitted). Therefore, under the *Twombly/Iqbal* standard, the pleaded facts must contain sufficient particularity to be plausible and must establish a *prima facie* claim for relief.

IV.   **ARGUMENT**

   A. **Count I - Receipt and Wrongful Use of Stolen Goods**

      1. **Count I of Plaintiff's Complaint is Barred by the Statute of Limitations.**

In general, the statute of limitations to bring a tort claim in the Commonwealth of Massachusetts is three years. *See* M.G.L. c. 260 §2A. Therefore, if Count I were considered a legitimate civil cause of action, such claim must have been brought against Defendants within three years of the cause of action accruing. Under Massachusetts law the statute of limitations will begin to accrue when a plaintiff  "discovers, or any earlier date when [it] should reasonably have discovered, that [it] has been harmed or may have been harmed by the defendant's conduct." *Murphy v. Aero-Med, Ltd.*, 345 F. Supp. 2d 40, 44 (D. Mass. 2004) (quoting *Bowen v. Eli Lilly*, 408 Mass. 204, 205-206 (1990)).

Massachusetts courts have expanded on the "discovery rule" stating that "a cause of action accrues for purposes of the statute of limitations on the happening of an event likely to put the plaintiff on notice of facts giving rise to the cause of action." *AA&D Masonry, LLC v. South St. Business Park, LLC*, 93 Mass. App. Ct. 693, 698 (2018) (quoting *Demoulas* v. *Demoulas Super Mkts., Inc.*, 424 Mass. 501, 520 (1997)). Furthermore, "the knowledge required to trigger commencement of the statute of limitations 'is not notice of every fact which must eventually be proved in support of the claim,' but rather 'knowledge that an injury has occurred.'" *Id.* at 699 (quoting *Pagliuca* v. *Boston*, 35 Mass. App. Ct. 820, 824 (1994)). "A plaintiff may be put on

'inquiry notice' [that a cause of action has accrued] where it is informed of facts that would suggest to a reasonably prudent person in the same position that an injury has been suffered as a result of the defendant's conduct. [T]he factual inquiry focuses on which was the first event reasonably likely to put Plaintiff on notice that the defendant's conduct had caused him injury." *Id.* (quoting *Commonwealth* v. *Tradition (N. Am.) Inc.,* 91 Mass. App. Ct. 63, 71 (2017)).

Here, Defendants allegedly used stolen goods, consisting of, among other things: "the names, addresses and contact information for [Plaintiff's] clients," "campaign data on advertising campaigns," and "proprietary analytics" described in total as being the "Database, its analytics and trade secrets" (hereinafter "Stolen Property"). (Comp. ¶ 73). This claim is mirrored in Plaintiff's 2016 Amended Complaint where Plaintiff brought a claim for conversion of the database[3]. (Ex. 3, ¶¶ 93-94;108-110). Indeed, the purported Stolen Property was the subject of the preliminary injunction sought by Plaintiff in the ongoing lawsuit against Sweet Feeney. (Ex. 2, pp. 1-2; Ex. 3, ¶109). Accordingly, as the 2016 Amended Complaint was filed on April 4, 2016 and alleges identical facts known by Plaintiff as far back as 2015—well outside the applicable three-year statute of limitations. Therefore, Count I of this Complaint is time barred and should be dismissed.

### 2.  Count I of Plaintiff's Complaint Fails as a Matter of Law.

As an initial matter, there does not appear to be a separate civil cause of action for receipt and wrongful use of stolen goods in the Commonwealth of Massachusetts. Nevertheless, in order for Plaintiff to allege sufficient facts to show that Defendants received and wrongfully used stolen

---

[3] In fact, Plaintiff mentions Michael Feeney and/or Feeney Law Firm numerous times throughout the 2016 Amended Complaint.  (*See* Ex. 3, ¶¶ 43, 51, 59, 93, 94, 95, 108, 109, 110, 128, 131(a), 140, 163, 164, 164(a), 165, 166, 167, 170, 178, 179, 184). Accordingly, any suggestion by Plaintiff that the purported conduct at issue was "recently discovered" is highly suspect and demonstrably false.

goods, Plaintiff must identify goods were in fact stolen. Plaintiff is unable to do so. Section 8(d) of

the Agreement states that Sweet Feeney "has the right to re-use any of its know-how, ideas,

concepts, methods, processes, or similar information" and "retains ownership of any and all of its

intellectual property rights that existed prior to the Effective Date including, but not limited to, all

methods, concepts, designs, reports, programs, and templates." (Comp., Ex. A, ¶ 8(d)).

The Effective Date of the Agreement was January 1, 2011. (Comp., Ex. A, p. 1). The

database at issue was created by Sweet Feeney under the terms of the June 9, 2010 M.O.U. it had

with Plaintiff which predated the Agreement. (Comp., Ex. B, ¶ 1). Since Sweet Feeney had the

right to re-use the information and processes and retained ownership of intellectual property rights

existing prior to the Agreement, including, all methods, concepts, designs, reports, programs, and

templates, the "goods" allegedly received and used by Defendants was not stolen from Plaintiff.

Thus, Count I of this Complaint should be dismissed.

**B.  <u>Count II - Interference with Prospective or Advantageous Business Relationships</u>**

**1.  Count II of Plaintiff's Complaint is Barred by the Statute of Limitations.**

The statute of limitations to bring a claim for tortious interference with a business

relationship is three years. *See Rousseau v. Diemer*, 24 F.Supp. 2d 137, 142 (D. Mass 1998). Here,

Plaintiff bases Count II of this Complaint on an allegation that Defendants have deprived

Plaintiff of its database information, which was needed "to successfully develop relations with

both old and new clients." (Comp., ¶ 104). However, in its 2016 Amended Complaint filed on

April 6, 2016, Plaintiff goes into detail about how Sweet Feeney purportedly "diverted" the

database to Defendants and that Defendants supposedly "began soliciting [Plaintiff's] clients

soon thereafter." (Ex. 3, ¶ 110(h)). These very issues had been hotly litigated in Plaintiff's

motion for a preliminary injunction that Judge Cannone denied in February 2016. The alleged

harm now complained of was "discovered" by Plaintiff over five years ago and is time barred.

### 2.   Count II of Plaintiff's Complaint Fails as a Matter of Law.

In order to establish a cause of action for interference with prospective or advantageous

business relationships Plaintiff must show: "(1) a business relationship or contemplated contract

of economic benefit; (2) the defendant's knowledge of such relationship; (3) the defendant's

interference with it through improper motive or means; and (4) Plaintiff's loss of advantage

directly resulting from the defendant's conduct." *Media3 Techs., LLC v. Mail Abuse Prevention*

*Sys.*, LLC, 00-CV-12524-MEL, 2001 U.S. Dist. LEXIS 1310, at *25 (D. Mass. Jan. 2, 2001).

Here, Plaintiff has failed to establish a *prima facie* claim for tortious interference.

Specifically, Plaintiff has not alleged what business relationships or contemplated contracts of

economic benefit were interfered with by Defendants. Plaintiff also fails to establish the specific

loss caused by Defendant. In fact, almost the entirety of this Complaint, including Count II,

exclusively pertains to the purported conduct of Sweet Feeney and is already the subject of the

2016 Complaint and 2016 Amended Complaint. Indeed, the "facts" as alleged in this Complaint

is mostly "copied and pasted" from both 2016 Complaints. As to Defendants, Plaintiff has

plainly failed to allege *any* facts beyond mere labels and conclusions, therefore, falling short of

the requisite pleading standards. As such, Count III of this Complaint should be dismissed.

### C.   <u>Count III - Violations of the Computer Fraud and Abuse Act, 18 U.S.C. 1030 et seq.</u>

### 1.   Count III of Plaintiff's Complaint is Barred by the Statute of Limitations.

The statute of limitations for civil actions brought under the Computer Fraud and Abuse

Act ("CFAA") is two years, commencing from "the date of the act complained of or the date of the

discovery of the damage." 18 U.S.C. § 1030(g). While Plaintiff alleges that Defendants have

actively concealed their purported violations of the CFAA until the date of filing of this

Complaint, Plaintiff has not alleged any facts in support of this bare assertion. The statute of

limitations may be tolled only in situations where the cause of action is "inherently

unknowable." *See Micromuse, Inc. v. Micromuse, Plc.*, 304 F. Supp. 2d 202, 204 (D. Mass.

2004).

Here, the alleged actions that Plaintiff claims were in violation of the CFAA consist of

Defendants' purported use of "computers paid for by [Plaintiff] to store and manipulate the

property stolen from [Plaintiff]," "improperly access[ing] [the Plaintiff's] database and st[ealing]

its contents, [and], transferring [Plaintiff's] materials to and for the benefit of [Defendants]."

(Comp., ¶¶ 107-109). These allegations are nearly identical to those made against Sweet Feeney

in the 2016 Amended Complaint, which alleges that Sweet Feeney "[took] for itself the

proprietary data of [Plaintiff]," "diverted and [used database] information for [Defendants'] own

personal benefit," and "engineer[ed] the usurpation of [Plaintiff's] database and readying the

diversion of its use to and for the benefit of [Defendants]." (Ex. 3, ¶¶ 108, 140(g), 164(a)).

Clearly, the alleged actions of Defendants occurred outside of the two-year statute of limitations

period, and that such purported conduct was "known" to Plaintiff when the 2016 Amended

Complaint was filed with the Norfolk County Superior Court in April 2016. Thus, Count III of

this Complaint is time barred and should be dismissed.

### 2.  Count III of Plaintiff's Complaint Fails as a Matter of Law.

Plaintiff has not alleged sufficient facts to show that Defendants violated 18 U.S.C. §

1030(a)(1) because it is not alleged that Defendants "obtained information that has been

determined by the United States Government pursuant to an Executive order or statute to require

protection against unauthorized disclosure for reasons of national defense or foreign relations, or

any restricted data, as defined in paragraph y. of section 11 of the Atomic Energy Act of 1954." 18 U.S.C. § 1030(a)(1).

Plaintiff has not alleged sufficient facts to show that Defendants violated 18 U.S.C. § 1030(a)(2) because it is not alleged that Defendants intentionally accessed a computer without authorization or in excess of their authorization and thereby obtained "(A) information contained in a financial record of a financial institution, or of a card issuer as defined in section 1602(n) of title 15, or contained in a file of a consumer reporting agency on a consumer, as such terms are defined in the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.); (B) information from any department or agency of the United States; or (C) information from any protected computer." 18 U.S.C. § 1030(a)(2).

Plaintiff has not alleged sufficient facts to show that Defendants violated 18 U.S.C. § 1030(a)(3) because it is not alleged that Defendants "intentionally, without authorization to access any nonpublic computer of a department or agency of the United States, access[d] such a computer of that department or agency that is exclusively for the use of the Government of the United States or, in the case of a computer not exclusively for such use, is used by or for the Government of the United States and such conduct affects that use by or for the Government of the United States." 18 U.S.C. § 1030(a)(3).

Plaintiff has not alleged sufficient facts to show that Defendants violated 18 U.S.C. § 1030(a)(4) because it is not alleged that Defendants "knowingly and with intent to defraud, accesse[d] a protected computer without authorization, or exceed[ed] authorized access, and by means of such conduct further[ed] the intended fraud and obtain[ed] anything of value, unless the object of the fraud and the thing obtained consist[ed] only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period." 18 U.S.C. §§ 1030(a)(4).

Plaintiff has not alleged sufficient facts to show that Defendants violated 18 U.S.C. § 1030(a)(5) because it is not alleged that Defendants "(A) knowingly cause[d] the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer; (B) intentionally accesse[d] a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or (C) intentionally accesse[d] a protected computer without authorization, and as a result of such conduct, causes damage and loss." 18 U.S.C. §§ 1030(a)(5).

Plaintiff has not alleged sufficient facts to show that Defendants violated 18 U.S.C. § 1030(a)(6) because it is not alleged that Defendants "knowingly and with intent to defraud, traffics in any password or similar information through which a computer may be accessed without authorization, impacting interstate or foreign commerce or via a computer used by or for the Government of the United States." 18 U.S.C. § 1030(a)(6).

Plaintiff has not alleged sufficient facts to show that Defendants violated 18 U.S.C. § 1030(a)(7) because it is not alleged that Defendants transmitted any communication containing any "threat to cause damage to a protected computer; threat to obtain information from a protected computer" or "demand or request for money or other thing of value in relation to damage to a protected computer." 18 U.S.C. § 1030(a)(7). Thus, Count III should be dismissed.

**D. <u>Count IV - Chapter 93: 42 and 42A Misappropriation of Trade Secrets</u>**

**1. Any Alleged Misappropriation Occurred Before the Statute's Effective Date.**

The provisions of the Massachusetts Uniform Trade Secrets Act ("MUTSA"), M.G.L. c. 93 §42, have been found to be inapplicable to any alleged misappropriation that occurred prior to the effective date of the statute. *See Acacia Communications, Inc. v. ViaSat, Inc.*, 2018 Mass. Super. LEXIS 254, *4 n. 1 ("The [MUTSA] only became effective in Massachusetts on October

1, 2018, and its terms explicitly 'do not apply' to any alleged misappropriation 'occurring prior

to the effective date'"). The effective date of the MUTSA was October 1, 2018. *See Id.*; M.G.L.

c. 93, § 42, 2018 Amendment Notes. The alleged actions that Plaintiff claims Defendants

committed in violation of the MUTSA occurred in 2016—two years prior to the enactment of the

statute. (Ex. 3, ¶¶ 108, 140(g)-(h), 164(a)). Therefore, Count IV should be dismissed.

### 2. Count IV of Plaintiff's Complaint is Barred by the Statute of Limitations.

Additionally, "[a]n action for misappropriation must be brought within three years after

the misappropriation is discovered or by the exercise of reasonable diligence should have been

discovered." M.G.L. c. 93 §42E. Here, Plaintiff discovered the claimed "misappropriation" at

least five years before the filing of this Complaint. The facts used by Plaintiff to support this

claim are liberally discussed throughout the 2016 Amended Complaint. Indeed, it is alleged in

the 2016 Amended Complaint, for example, that Sweet Feeney took Plaintiff's proprietary

information and "passed it" to Defendants to "assist" in the creation of Defendants' law firm.

(*See, e.g.,* Ex. 3, ¶¶ 108, 140(g)-(h), 164(a)). As noted above, the statute of limitations may be

tolled only in situations where the cause of action is deemed "inherently unknowable."

*Micromuse, Inc.,* supra, at 204. As the 2016 Amended Complaint shows, the facts and allegations

used to support Count IV of this Complaint were well known by Plaintiffs for *years* before the

filing of this instant lawsuit. As such, regardless of the inability to bring an MUTSA claim that

pre-dates the enactment of the statute, Count IV of this Complaint is also time barred.

### 3. Count IV of Plaintiff's Complaint Fails as a Matter of Law.

"In order to prevail on a misappropriation of trade secrets claim under Massachusetts law, a

plaintiff must show (1) the information is a trade secret; (2) the plaintiff took reasonable steps to

preserve the secrecy of the information; and (3) the defendant used improper means, in breach of a

confidential relationship, to acquire and use the trade secret." *Incase Inc. v. Timex Corp.,* 488 F.3d 46, 52 (1st Cir. 2007). Here, Plaintiff fails to sufficiently allege that Defendant acquired the purported "trade secret" by improper means. The "trade secrets" at issue, i.e., the database, is property belonging to Sweet Feeney under the terms of the Agreement. (Comp. Ex. A, ¶ 8(d)). As such, Count IV of this Complaint should be dismissed.

### E.  Count V - Unjust Enrichment

#### 1.  Count V of Plaintiff's Complaint is Barred by the Statute of Limitations.

The statute of limitations for unjust enrichment actions "depends upon the 'essential nature of plaintiff's claim.'" *Epstein v. C.R. Bard, Inc.*, No. 03-12297-RWZ, 2004 U.S. Dist. LEXIS 13384, at *8 (D. Mass. July 19, 2004) (finding that Plaintiff's unjust enrichment claim is based in tort) (quoting *Desmond v. Moffie,* 375 F.2d 742, 743 (1st Cir. 1967)). Pursuant to M.G.L. c. 260, if the cause of action is a tort then it has a statute of limitations period of three years, while if it is based in contract, it has a statute of limitations period of six years. Because Plaintiff's claim for unjust enrichment arises from the claim that Michael Feeney was engaged in a "conspiracy to steal [Plaintiff's] trade secrets," the gist of this cause of action lies in tort and the three-year statute of limitations period should be applied. (Comp., ¶¶123-125).

Plaintiff alleges that the Defendant Michael Patrick Feeney was unjustly enriched due to Plaintiff paying Sweet Feeney Marketing Group LLC, which in turn paid a salary to Michael Feeney. (*Id.*). The funds were paid by Plaintiff to Sweet Feeney pursuant to the Agreement while it was in effect. (*See e.g.* Comp., Ex. A). The allegations Plaintiff relies upon to support its unjust enrichment claim in this Complaint arises out of the identical allegations Plaintiff asserted in the 2016 Amended Complaint. (Ex. 3, ¶ 178). In the 2016 Amended Complaint, Plaintiff claims that Christina Feeney supposedly diverted funds for personal use by compensating Michael Feeney

for his work with Sweet Feeney while he was also a law student. (*Id.*). It is apparent that Plaintiff knew about these allegations at the time it filed the 2016 Amended Complaint—more than five years ago—and outside the three-year statute of limitations to bring the current unjust enrichment claim against Defendants.

### 2.   Count V of Plaintiff's Complaint Fails as a Matter of Law.

In order to establish a claim for unjust enrichment, Plaintiff must show "(1) a benefit conferred on the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under the circumstances would be inequitable without payment of its value." *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 332 F. Supp. 3d 446, 472 (D. Mass. 2018). "A plaintiff asserting a claim for unjust enrichment must establish not only that the defendant received a benefit, but also that such a benefit was unjust, 'a quality that turns on the reasonable expectations of the parties.'" *Metro. Life Ins. Co. v. Cotter*, 464 Mass. 623, 644 (2013) (quoting *Global Inv'rs Agent Corp. v. Nat'l Fire Ins. Co.*, 76 Mass. App. Ct. 812, 826 (2010)). **"**[U]njust enrichment is a quasi-contract theory developed to provide relief in situations normally governed by contract law; it is not an available remedy against third parties that never had a quasi-contractual relationship with a plaintiff." *SiOnyx*, 332 F. Supp. 3d at 475.

The sole basis for this cause of action lies in Plaintiff's allegations that Defendant Michael Feeney was unjustly enriched due to Plaintiff paying Sweet Feeney pursuant to the Agreement, which in turn paid a salary to Michael Feeney. (*See* Comp. ¶¶ 123-125). Although Plaintiff alleges that this benefit was conferred upon Michael Feeney by Plaintiff, this is a mere label or conclusion and not a well pleaded fact. (Comp., ¶ 123). In reality, Michael Feeney did not have a contractual relationship with Plaintiff. (Comp., Ex. A). The salary paid to Michael

Feeney was a benefit conferred upon him by his employer, Sweet Feeney, and not Plaintiff. (Comp., ¶ 123). Therefore, Count V of this complaint should be dismissed.

### F. Count VI - 93A – Fraudulent Deceptive Trade Practices

#### 1. Count VI of Plaintiff's Complaint is Barred by the Statute of Limitations.

The statute of limitations for consumer protection actions under M.G.L. c. 93A is four years after the cause of action accrues. M.G. L. c. 260, § 5A. Plaintiff alleges that Defendants committed unfair and deceptive trade practices by the alleged "theft and continuous use of Plaintiff's trade secrets, Database, and proprietary information and their refusal to return those items, including the establishment of a competing business funded with money stolen from [Plaintiff] and utilizing [Plaintiff's] property and Trade Secrets to gain a competitive advantage" as well as Defendants actions of "conspiring over time to steal Plaintiffs information, hatching and executing and covering up a plot to do so in conjunction with [Christina Feeney], transferring the secret information to themselves to go into competition with [Plaintiff], going into competition with [Plaintiff] … [and] accepting a salary while utilizing the time to conspire." (Comp., ¶¶ 129-130).

While Plaintiff alleges that Defendants "have covered up" their alleged M.G.L. c. 93A violations until the date of filing of this Complaint, Plaintiff has alleged no facts in support of this assertion. (Comp., ¶ 130a). Furthermore, the allegations Plaintiff relies upon in support of Count VI of this Complaint are virtually identical to the allegations claimed in several parts of the 2016 Amended Complaint. (*See, e.g.,* Ex. 3, ¶¶ 108, 140(g)-(h), 164(a), 170, 177-78). It is plainly obvious the allegations used in Count VI in this matter were known to Plaintiffs as late as February 2016—more than five years ago and outside of the four-year statute of limitations to bring a claim pursuant to M.G.L. c. 93A. Accordingly, Count VI should be dismissed.

15

### 2.   Count VI of Plaintiff's Complaint Fails as a Matter of Law.

M.G.L. c 93A, § 11 prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. Plaintiff's alleged M.G.L. c. 93A violations are completely without merit as Sweet Feeney, pursuant to the M.O.U. and the Agreement, had ownership rights of the database and all information created prior to the execution of the Agreement "including but not limited to, all methods, concepts, designs, reports, programs and templates" and had the "right to re-use any of its know-how, ideas, concepts, methods, processes, or similar information" and Defendants, therefore, could not have been engaged in the "theft" of property that was never stolen. (Comp., Ex. A, ¶ 8(d); Comp., Ex. B, ¶ 1). In fact, the ownership rights of Christina Feeney and Sweet Feeney in the database information were affirmed by Judge Cannone in her denial of Plaintiff's requested preliminary injunction because under the terms of the Agreement, "the database itself would remain the property of Sweet Marketing Group." (Ex. 2, pp. 1-6). The intellectual property at issue was not stolen or improperly transferred to Defendants. Therefore, Count VI of this Complaint should be dismissed.

### G.   Count VII - Breach of Fiduciary Duty

### 1.   Count VII of Plaintiff's Complaint is Barred by the Statute of Limitations.

In Massachusetts, the statute of limitations for claims alleging breach of fiduciary duty is three years. *See Micromuse, Inc.* supra, at 204. Here, Plaintiff alleges that Defendants breached a fiduciary duty owed to Plaintiff by allegedly diverting Plaintiff's "funds and information." (Comp. ¶¶ 136-37). While Plaintiff alleges that Defendants have actively concealed their purported breach of fiduciary duty until the date of filing of this Complaint, Plaintiff has not alleged any facts in support of this bare assertion. (Comp., ¶ 141). In fact, Plaintiff alleged identical claims against Christina Feeney and Sweet Feeney in the 2016 Amended Complaint.

16

(Ex. 3, ¶¶ 133-38). Here, the underlying facts have been known to Plaintiff for over five years. Therefore, Count VII is time barred.

### 2. Count VII of Plaintiff's Complaint Fails as a Matter of Law.

"A claim for breach of fiduciary duty has four elements: 1) existence of a fiduciary duty arising from a relationship between the parties, 2) breach of that duty, 3) damages and 4) a causal relationship between the breach and the damages." *Qestec, Inc. v. Krummenacker*, 367 F. Supp. 2d 89, 97 (D. Mass. 2005) (citing *Hanover Ins. Co. v. Sutton*, 46 Mass. App. Ct. 153, 164 (1999)). "A fiduciary duty exists 'when one reposes faith, confidence, and trust in another's judgment and advice.'" *Doe v. Harbor Sch., Inc.*, 446 Mass. 245 (2006) (quoting *Van Brode Grp., Inc. v. Bowditch & Dewey*, 36 Mass. App. Ct. 509, 516 (1994)).

Here, Defendants did not owe Plaintiff a fiduciary duty. It is well established that the Agreement was solely between Plaintiff and Sweet Feeney, with neither Defendants a party to it. (*See, e.g.,* Comp., Ex. A). Furthermore, it is well established within this Complaint and the 2016 Amended Complaint that Michael Feeney was not an employee of the Plaintiff law firm. (*See, e.g.*, Comp., ¶ 123; Ex. 3, ¶¶ 95, 178). Thus, Count VII of this Complaint should be dismissed.

### H. Count VIII - Civil Conspiracy

### 1. Count VIII of Plaintiff's Complaint is Barred by the Statute of Limitations.

In Massachusetts, the statute of limitations for bringing a civil conspiracy claim is three years. *Pagliuca v. Boston*, 35 Mass. App. Ct. 820, 823 (1994). The alleged civil conspiracy claim in the above-captioned matter is substantially "copied and pasted" from the civil conspiracy claim alleged in the 2016 Amended Complaint. (Comp., ¶¶ 143-144; Ex. 3, ¶¶ 140-141). Moreover, the additional paragraphs alleged in Plaintiff's conspiracy claim against Defendants in this Complaint merely amplify the allegations wholly lifted from the 2016 Amended Complaint.

Simply put, the "factual" basis of the civil conspiracy here are based upon "facts" previously asserted over five years ago in the 2016 Amended Complaint against Defendants' alleged "co-conspirators." Accordingly, Count VIII is time barred and should be dismissed.

### 2.   Count VIII of Plaintiff's Complaint Fails as a Matter of Law.

In order to prove a civil conspiracy, Plaintiff must demonstrate (1) that "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties 'to inflict a wrong or injury upon another,' and (2) 'an overt act that results in damages.'" *Grant v. John Hancock Mutual Life Insurance Co.*, 183 F. Supp. 2nd 344 (D. Mass. 2002) (internal quotations omitted). A claim of conspiracy to defraud requires evidence that each party provided "substantial assistance, with the knowledge that such assistance is contributing to a common tortious plan." *Kurker v. Hill*, 44 Mass. App. Ct. 184, 189 (1998). "Civil conspiracy is a very limited cause of action in Massachusetts…plaintiff must allege that defendants, acting in unison, had 'some peculiar power of coercion' over plaintiff that they would not have had if acting independently." *Jurgens v. Abraham*, 616 F. Supp. 1381, 1386 (D. Mass. 1985) (quoting *Fleming v. Dane*, 304 Mass. 46, 50 (1939)).

Here, Plaintiff has failed to allege that Defendants, Christina Feeney, and Sweet Feeney had "'some peculiar power of coercion' over plaintiff that they would not have had if acting independently." (*Id.*; Comp., ¶¶ 143-45a). Indeed, the entirety of Plaintiff's conspiracy claim as asserted in this Complaint is predicated on the purported acts of Sweet Feeney and Christina Feeney as previously raised in the 2016 Complaint and 2016 Amended Complaint. The lynchpin of Plaintiff's conspiracy claim against Defendants is the supposed violation of the Agreement between Plaintiff and Sweet Feeney. (Comp., ¶¶ 143(a)-(h)). As discussed throughout this

motion, neither Michael Feeney nor Feeney Law Firm were parties to the Agreement. It is therefore legally impossible for Defendant to be liable for a conspiracy in which the supposed acts that make up the conspiracy are based on the independent acts of a third-party. *Jurgens,* 616 F. Supp. at 1386. Accordingly, Count VIII of this Complaint should be dismissed.

I. **Count IX - Defend Trade Secrets Act 18 U.S.C. §1836**

   1. **Count IX of Plaintiff's Complaint is Barred by the Statute of Limitations.**

A civil action under the Defend Trade Secrets Act ("DTSA") brought by a private party "may not be commenced later than 3 years after the date on which the misappropriation with respect to which the action would relate is discovered or by the exercise of reasonable diligence should have been discovered." 18 U.S.C. §1836(d). Plaintiff's cause of action against Defendants for violation of the DTSA alleges that Defendants misappropriated information contained in the database Sweet Feeney created for Plaintiff. (Comp., ¶ 149). The facts underlying this allegation were clearly known to Plaintiff prior to the three-year period preceding the filing of Plaintiff's Complaint. (Ex. 3, ¶¶ 108, 140(g)-(h), 164(a)). Thus, Count IX of this Complaint is time barred.

   2. **The DTSA Does Not Apply to Alleged Conduct Prior to its Enactment.**

The DTSA has an effective date of May 11, 2016 and courts have held that claims of misappropriation occurring pre-enactment are barred. *See, e.g., Source Prod. & Equip. Co. v. Schehr*, No. 16-17528, 2017 U.S. Dist. LEXIS 138407 (E.D. La. Aug. 29, 2017). Federal Courts have looked to the individual state's adopted version of the Uniform Trade Secrets Act for guidance on whether pre-enactment claims under the DTSA are barred. *Id.* As noted above, under the MUTSA, such pre-enactment claims have been held to be barred. *See Acacia Communications, Inc.*, supra., at *4 n.1. Thus, Plaintiff's DTSA claim, based on alleged conduct from 2015, should be barred as a matter of law.

19

### 3.   Count IX of Plaintiff's Complaint Fails as a Matter of Law.

Regardless of whether Plaintiff's DTSA claim is barred by the statute of limitations, Defendants did not violate the statute as a matter of law. To state a claim under the DTSA, a plaintiff must allege: (1) a trade secret; (2) misappropriation; and (3) use in interstate commerce. 18 U.S.C. §1836 (b)(1). "The DTSA confers a federal cause of action on an owner of a trade secret that has been misappropriated, so long as the trade secret owner has (1) taken reasonable measures to keep such information secret, and (2) the information derives independent economic value." *Focused Impressions, Inc. v. Sourcing Group, LLC,* Civil Action No. 19-cv-11307-ADB, 2020 U.S. Dist. LEXIS 67328, at *10-11 (D. Mass. Apr. 16, 2020). "Ownership" is central to the DTSA, which defines an owner as "the person or entity in whom or in which rightful legal or equitable title to, or license in, the trade secret is reposed." *Focused Impressions, Inc. v. Sourcing Group, LLC,* Civil Action No. 19-cv-11307-ADB, 2020 U.S. Dist. LEXIS 67328, at *11 (D. Mass. Apr. 16, 2020) (internal citations omitted).

Plaintiff has failed to sufficiently allege that Defendants violated the DTSA because the purported trade secrets at issue were not misappropriated. As discussed above, Plaintiff hired Sweet Feeney to create the database pursuant to the M.O.U. Furthermore, Section 8(d) of the Agreement states that Sweet Feeney "retains ownership of any and all of its intellectual property rights that existed prior to the Effective Date." (Comp., Ex. A, § 8(d). Here, Defendants did not unlawfully obtain or use trade secrets and, thus, could not have violated the DTSA.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that their motion to dismiss be <u>ALLOWED</u>.

Defendants,
Michael Patrick Feeney and Feeney Law Firm
By their Attorneys,


/s/ *Marc E. Finkel*
Jeffrey L. Alitz, BBO #553741
jalitz@fmglaw.com
Marc E. Finkel, BBO #659681
mfinkel@fmglaw.com
Matthew L. Schwartz, BBO #699918
Matthew.schwartz@fmglaw.com
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, MA 02109
Tel:  617.963.5975
Fax:  770.937.9960

Dated:  June 21, 2021


## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June 2021, a true copy of the above document was served upon all attorneys of record through the Court's ECF system.


/s/ *Marc E. Finkel*
Marc E. Finkel

21