UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KYROS LAW GROUP LLC )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL PATRICK FEENEY, and)<br>FEENEY LAW FIRM, )<br>Defendants. )<br>) | C.A. No.: 1:21-cv-10895 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT PURSUANT TO
Fed. R. Civ. P. 15(a)**

I.   Introduction

This Memorandum is submitted in accordance with R. Civ. P. 7 to seek an amendment of the Complaint pursuant to FRCP 15(a)(2).

II.   Statement of Relevant Facts

1.   This matter originated in the Norfolk Superior Court of the Commonwealth of Massachusetts.  A Notice of Removal was filed on 5/28/2021 (Docket No. 1), the State Court record was filed on 6/3/2021 (Docket No. 7) and on 6/21/2021, not 30 days ago, the Defendants filed a Fed. R. Civ. P. Rule 12(b)(6) Motion to Dismiss.

2.   The Complaint consists of 9 Counts as follows:

Count I – Receipt and Wrongful Use of Stolen Goods;
Count II -  Interference with Prospective Advantageous or Business Relationships;
Count III - Continuing and ongoing violations of the Computer Fraud and Abuse Act, 18 U.S.C. 1030 et seq.;
Count IV -   Chapter 93: 42 and 42A Misappropriation of Trade Secrets;
Count V – Unjust Enrichment;
Count VI – 93A – fraudulent deceptive trade practices;
Count VII –Breach of Fiduciary Duty;

      Count VIII – Civil Conspiracy; and
      Count IX – Defend Trade Secrets Act – 18 USC 1836.

3.     The Defendants seek to dismiss each Complaint based on the affirmative defense of the passage of the relevant statute of limitations and further that each Count substantively fails to state a claim for which relief may be granted.

4.     The Opposition to the Motion to Dismiss which will be filed on or before the Court Ordered date of July 20, 2021, will oppose the Motion to Dismiss by defending the statute of limitations issues pursuant to M.G.L. c. 260, § 12, the discovery rule as it exists in Massachusetts, and further the Doctrine of Fraudulent Concealment. M.G.L. c. 260, § 12 defense will also involve the defenses applicable thereto when a fiduciary relationship is also alleged.

III.     Argument

5.     Pursuant to FRCP 15(a) "is freely given when justice so requires absent an adequate basis to deny amendment such as futility, bad faith, undue delay, or dilatory motive". See *Libby v. Park*, 278 F. Supp. 3d 501, 502-3 (2017). The proposed amendment must be "assessed under the liberal pleadings standards of Fed. R. Civ. P. 12(b)(6)" See *Libby v. Park, supra* at 505.

6.     There has been and would be no "prejudice" to the Defendants by allowing the Amendment as this matter has just started and the Notice of Removal was filed on 6/3/21. The Defendants requested and were granted an extension to file their responsive pleading (which turned out to be their Motion to Dismiss), and likewise, the Plaintiffs requested and was granted and extension to file their Opposition. Accordingly, there is no question of dilatory behavior on the part of either side.

7.     Because this matter involves allegations of a conspiracy between husband and wife in which the wife consistently denied in the State Court litigation (Norfolk Sup. Ct., C.A. No. 1682-CV-00100) that the husband whose law firm was involved or that any database was transferred to the husband's law firm, it is a conspiracy uniquely difficult to "crack" absent discovery.

8.     As was alleged in the Complaint filed in this matter, discovery in the prior State Court action has been both tedious and uniformly obstructed by the Defendants with meaningful discovery occurring only when ordered by the Court.

9.     Indeed, it was necessary to conduct days of recorded Master's hearings and achieve orders from the Master which were inevitably appealed to the Court, before any meaningful discovery concerning husband's participation was produced.

10.     Meaningful records were only turned over this year in 2021 following Court Orders (see Addendum hereto).

11. Indeed, given that 22-gigabytes of data (a vast quantity by any standard) was only turned over in April of 2021, following a Court Order, and after its existence had been uniformly denied throughout the litigation below, certain of the particulars of the conspiracy to hide the transfer of the Database have only recently come to light. Examination of the 22-gigabytes of data is ongoing and given what it has produced thus far (see Exhibits to Addendum A), it is likely that much more relevant material will be unearthed.

12. It cannot be stated that any Amendment would be "futile" which is the other standard for denying an Amendment. Massachusetts General Law c. 260, § 12, has a particularly onerous standard which it imposes upon those involved in a fiduciary relationship. It requires that the fiduciary take affirmative steps to disclose information. In this matter, the Plaintiffs have set forth in their Opposition (filed hereafter) overwhelming allegations of fiduciary duty owed by these Defendants to the Plaintiff.

13. The "Addendum A" (incorporated herein) and its Exhibits detail significantly more of that data, including the times and dates that concealed emails were sent out to establish the Feeney Law Firm by the Defendants, Michael P. Feeney and his wife, Christina Feeney, who were supposedly working for the Plaintiff under the rubric of the Sweet Feeney Marketing Group.

14. An outline of additional allegations that would be provided in the First Amendment to the Complaint are attached hereto as Addendum A, together with additional Exhibits that would be attached to and incorporated into a First Amended Complaint.

15. The Plaintiff does not submit Addendum A as the final document amending the Complaint given that the unraveling of the recently provided 22-gigabytes of data is ongoing and, further, given that disclosures of the vast array of accounts established by the Defendants to launder campaign money from the Sweet Feeney Marketing Group as received from the Kyros Law Group and transfer it to the Feeneys to establish their law firm, is continuing.

16. There is no need to file the proposed Amended Complaint with this Motion as Rule 15(a)(2) requires that a Motion to Amend be allowed unless there is an agreement and there is no agreement here. Also, as set forth in the Addendum, since 22 GB of data was turned over only recently (in undecipherable form, sent by Dropbox in code), and is continuing to be translated from Code into recognizable text, and searched.

17. Given the complexity of the allegations and the fact that recently provided discovery in another matter is continuing to shed light on the conspiracy alleged in this matter, the Plaintiff respectfully requests twenty-one days from any favorable Court Decision allowing the Motion to Amend to submit the revised Amendment, with additions to the Addendum portion.

IV. Conclusion

WHEREFORE the Plaintiff requests:

a) That its Motion to Amend Complaint be allowed and that it be granted twenty-one days to file an Amendment to the Complaint.

b)   That for Judicial Economy, ruling on the Motion to Dismiss be deferred until after the filing of the First Amended Complaint (if allowed), and each party allowed an additional 14 (in sequence) days past the filing of any Amended Complaint for further briefing, then the matter decided as a whole.

|  |  |
|---|---|
| 7/20/21<br>Date | Respectfully submitted:<br><br>Kyros Law Group LLC,<br>By Its Attorney,<br>/s/ *S. James Boumil, Esq.*<br>S. James Boumil, Esq. (BBO#050940)<br>120 Fairmount Street<br>Lowell, MA 01852<br>Tel: 978-458-0507<br>Email: SJBoumil@Boumil-Law.com |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 20th day of July, 2021, I caused to be served a copy of the foregoing document by electronic filing through the Court's ECF system on the following:

Marc E. Finkel, Esq.
Jeffrey L. Alitz, Esq.
Matthew Schwartz, Esq.
Freeman Mathis & Gary, LLP
60 State Street, 6th Floor
Boston, MA 02109

/s/ *S. James Boumil*
S. James Boumil