UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KYROS LAW GROUP LLC )<br>          Plaintiff,         )<br>                                     )<br>vs.                              )<br>                                     )   C.A. No.:  1:21-cv-10895<br>MICHAEL PATRICK FEENEY, and)<br>FEENEY LAW FIRM,        )        **ORAL ARGUMENT REQUESTED**<br>          Defendants.         )<br>                                     ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE THE EXHIBITS TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**

NOW COMES the Plaintiff, Kyros Law Group, LLC ("KLG") in the above-captioned matter and respectfully requests that the three Exhibits submitted by the Defendants with their Motion to Dismiss the Complaint [Docket No. 8] be stricken for the reasons stated below:

I.   ARGUMENT

    1.    The Defendants have submitted with their Motion the following Exhibits:

        a.    Unverified copy of the Complaint in Norfolk County Superior Court, C.A. No. 2182CV00280;

        b.    Unverified "Memorandum of Decision and Order on Plaintiff's Motion for Preliminary Injunction";

        c.    Unverified First Amended Complaint, in Norfolk County Superior Court, C.A. No. 1682CV00100.

    2.    Judicial Notice of pleadings in another case is not typically allowed.  The pleadings suggested by the Defendants are not Judgments to which the Doctrine of "*res judicata*" may be applied:

"The third use of judicial notice of court records

> is the most questionable; taking judicial notice of extrajudicial facts that are related in official records. If it were permissible for a court to take judicial notice of a fact because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous.  If a party cannot be deprived of his right to dispute a fact by a judicial finding of its truth, a fortiori judicial notice cannot be taken of a fact because it is recited in affidavits, testimony, or documents filed in a court record.  It is to be hoped that courts will be more careful than some of them been in the past in the loose use of the doctrine of judicial notice for this purpose."

C. Wright and K. Graham, 21 Federal Practice and Procedure § 5106, at 142 (Supp. 1984).

In re *Armorflite Precision, Inc.*, 48 B.R. 994, 996-997 (1985).

3. This is particularly true concerning the "Memorandum of Decision and Order" in the Norfolk Superior Court case which the Defendants offered as an Exhibit.  All the Court found in its denial of Plaintiff's Request for Preliminary Injunction was that the matter could be addressed by a Money Judgment.  It found nothing else.  Even what it found was only on a preliminary basis without testimony.  Further, even that minor finding by the Court was made only after the Court states that the Defendant agreed to turn over all of the data in the database to the Plaintiff.  Unfortunately, in commenting that the "SFMG" was able to retain its analytics, the Court neglected to consider that SFMG never did any analytics but rather that the analytics were performed for Kyros Law Group "as a work for hire" by a different Company, Sweet Marketing Group (of similar name but a different Company with a different owner).  The statement cited by the State Court that SMG wanted to retain the analytics paid for by Kyros only expressed a negotiating position advanced by SMG.  However, SMG was not a party to either the Norfolk State Court case or to this case and therefore comments concerning its negotiating positions in these matters are entirely meaningless.

4. Therefore, any logical analysis of the "Memorandum of Decision", the Defendants' attempt to persuade the Court with that decision amply demonstrates the logic of the caution expressed in 21 Federal Practice and Procedures § 5106 set forth above. "Thus, even when a copy of a judicial decision is placed in the record, it is not 'evidence' nor is it a fact" *Berrios-Romero v. Estado Libre Asociado de Puerto Rico*, 641 F.3d at 27. Quoted at *Lopes v. Riendeau*, 177 F. Supp. 3d 634, 667 (2016).

5. "Judicial Notice" generally relates to subject matters that cannot be placed in reasonable dispute. "It cannot be said that factual findings and a judicial opinion in a related proceeding are not subject to reasonable dispute". *Lopes v. Riendeau, supra* at 667. "Absent unusual circumstances, a court may not take judicial notice of the findings of fact contained in another court's order". *Nadherny v. Roseland Prop. Co.*, 390 F.3d 44, 51-52 (1st Cir. 2004).

6. Likewise, the "Complaints" (the Complaint and the First Amended Complaint) are mere allegations against other parties. Allegations that were generally <u>Denied</u> by the defendants in that matter. Although the allegations might be construed as alleging some wrongdoing on the part of the Defendant, Michael P. Feeney, he is not a party to that case and it is not alleged that the owned the database (which was not discovered until 2021) or that his then newly formed Firm, Defendant Feeney Law Firm, owned the database. To the contrary, the Defendants, themselves, in this case mistakenly cite the Judge's ruling in the Norfolk Case for the Motion for Preliminary Injunction to the effect that it held that the Sweet-Feeney Marketing Group might plausible be the owner of the database (a hotly contested fact to be determined at Trial, not by allegations in Motions or Complaints). Such does not provide any notice that the

stolen database was then transferred to Michael P. Feeney through his solely owned Company, the Feeney Law Firm, a Defendant here.

7. If it is settled that, absent unusual circumstances, a Court may not take judicial notice of findings in another Court because to do so "would render the doctrine of res judicata virtually superfluous" (21 B Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence § 5106.4 at 235 (2005)), it is certainly logical that judicial notice of mere pleadings that have been denied in another matter may not be had. Under our Rules of Civil Procedure, pleadings may be asserted in the alternative and, in fact, may contradict one another. See R. Civ. P. 8. Pleadings, of course, are made at a time before any discovery has been taken and are not "evidence" of anything.

8. A Court may take judicial notice of a "fact" only when "it is not subject to reasonable dispute" in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Guilbeault v. R.J. Reynolds Tobacco Co.*, 84 F. Supp. 2d 263, 270 (2000). Pleadings do not establish facts within the requirements of the "judicial notice" doctrine.

II. CONCLUSION

Wherefore the Plaintiff's request that the Exhibits to the Defendants' Motion to Dismiss the Complaint be stricken "as evidence in support of the Defendants' Motion, or otherwise utilized in support of the Defendants' Motion".

|  |  |
|---|---|
|  | Respectfully submitted: |
|  | Kyros Law Group LLC, |
|  | By Its Attorney, |
| 7/20/21 | /s/ *S. James Boumil, Esq.* |
| Date | S. James Boumil, Esq. (BBO#050940) |
|  | 120 Fairmount Street |
|  | Lowell, MA 01852 |
|  | Tel: 978-458-0507 |
|  | Email: SJBoumil@Boumil-Law.com |

## CERTIFICATE OF SERVICE

     I, the undersigned, hereby certify that on the 20th day of July, 2021, I caused to be served a copy of the foregoing document by electronic filing through the Court's ECF system on the following:

Marc E. Finkel, Esq.
Jeffrey L. Alitz, Esq.
Matthew Schwartz, Esq.
Freeman Mathis & Gary, LLP
60 State Street, 6th Floor
Boston, MA 02109


                                                     /s/ *S. James Boumil*
                                                   S. James Boumil